RUST, JOHNSTON & LOCKETT, plaintiffs in error, *vs.* PETER McLAREN, defendant in error.

A motion for a new trial made in term cannot be heard in vacation over the objection of either party, unless an order be taken for that purpose, or it be so directed in the rule *nisi*.

New trial.   Before Judge STROZER.   Dougherty Superior Court.   April Term, 1874.

The jury having returned a verdict in favor of the plaintiff, the defendants, during the term, obtained a rule *nisi*, requiring the plaintiff, on various grounds, to show cause why a new trial should not be granted.   After the adjournment of court, and over the objection of defendants, the Judge called up said motion and overruled it, whereupon the defendants excepted.

R. F. LYON, for plaintiffs in error.

WRIGHT & WARREN; VASON & DAVIS, for defendant.

TRIPPE, Judge.

Section 3719 of the Code provides that all applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had, but may be heard, determined and returned in vacation.   This was but an enactment into a statute of the principle established in *Grady vs. Hightower*, 1 *Kelly*, 252, and *Johnson vs. Bemis*, 4 *Georgia*,

157.    Those cases construe the judiciary act of 1799 on that subject, and in both it was held that the judges may make rules for new trials returnable in vacation.   In the latter case the judgment was, that the motion could not be heard and determined in vacation, unless an order was taken for that purpose, or it be so directed in the rule *nisi*.   The Code means nothing more, and there are strong reasons for holding that the long established rulings and practice in this state should not be abolished by implication.   The construction we give to this section is the one that it has uniformly received since the adoption of the Code.

Judgment reversed.